*Court of Common Pleas, Lebanon County, August 22d, 1855.*

NORTON & CO. *v.* BREITENBACH.

The court cannot examine a juror as to what took place in the jury room. Evidences to the comparison of handwriting cannot be received, but when not objected to at the time, its reception is not a ground for a new trial.

The testimony of a witness as to a certain promissory note, though vague in not giving its date and form, should be considered by the jury, and an instruction to them not to consider it is error.

A new trial will not be granted on the ground of after-discovered evidence, unless the party avers that he did not know of it at the time of the trial.

BY THE COURT.—There is no ground whatever for arresting the judgment in this case. No error is apparent on the record, the jury appears to have been properly sworn, and both counts of the narr are good. If the first one was not supported by the evidence, that should have been taken advantage of by raising the question at the trial.

Several reasons have been urged for a new trial. Evidence has been taken with a view of showing that the jury was in possession of papers improperly handed over, and not given in evidence; but I am well satisfied that nothing went into the box but what passed through the hands of the court, and the complaint is not well founded. We have no right to inquire into the deliberations of the jury, or to examine any member of that body in regard to the foundation of their finding. The evidence of the jurors is discarded from our consideration.

The failure of the plaintiff to prove a partnership between the defendants at the time the note was given has no effect on the merits of the case. If the note was given at all, it was by W. S. Breitenbach, who alone was sued and on trial, and against whom alone the verdict was rendered. The proof of the partnership

under the circumstances was of little importance, and a new trial is never granted upon reasons purely technical.

The evidence from comparison of the handwriting with papers held by the witness, and not produced, should have been objected to at the time, and would have been rejected. Throughout the case a large portion of the testimony as introduced by both sides was to a great extent from mere comparison. This reason is insufficient, more especially in connection with the other ground argued, the rejection of the evidence of experts, who almost invariably speak from comparison, and whose depositions we still think were properly rejected.

We come now to a more important part of this case. Notice was given to plaintiff's counsel to produce a certain note, held by him, purporting to have been drawn by the defendant for $1000. The note was not produced, but secondary evidence was received of such a note having been given.

The witness, Jones, who spoke of the note for $1000, did it in a vague and uncertain way, not definitely fixing its date or form; consequently the court instructed the jury to pay no regard to his testimony in that particular, as at most it went to prove the note in suit paid by Buckley to Norton, and in that event the latter would be entitled to recover for the use of the former. We are not satisfied with this part of the charge; but now consider that the jury should have been instructed that, if from the evidence of Jones, they were satisfied the note of $1000 was given by the same obligors in part payment of their former note, they should find for the plaintiff the sum of $500 with its interest, etc., and had such instruction been given, the jury might lawfully and probably would have found for the plaintiff the five hundred dollars only. Our conviction that such finding would have been lawful and proper is greatly strengthened by the production of the note for $1000, which we find drawn in the same form, payable in the same place, indorsed by the same parties, and disposed of in part payment of the former note. It is true that it bears date ten days after the other fell due, including the days of grace; which is a circumstance tending to show that it may not have been drawn as a renewal; but on the other hand all the other connections of the paper, including the declarations of Norton as proved by Jones, tend strongly to show that the obligors in the first note furnished the second to meet their obligation, in which case it would be an extinguishment *pro tanto.* We are well satisfied that business men, merchants, bankers, etc., would on the inspection of these papers and the circumstances proved by Jones, have considered the second note as a renewal of the first, without more evidence, and courts and juries should view the business transactions of society in the same general light that they are con-

[Norton & Co. *v.* Breitenbach.]

sidered by those who conduct them, else we shall fail to reach the truth and honesty of transactions.

Had this note been produced on the trial, we are satisfied that our own view of the subject would have been different, and the jury would have been instructed in such a way as to have had them to consider what now appears to us to be the law and merits of this case. We entirely throw out of view the statement of Mr. Iba in his deposition taken since the trial; as the defendants have not shown any reason why the witness was not questioned on the subject before. To make the evidence available to the defendants, it must appear that the facts came to their knowledge since the trial, which is not proved; and at most the evidence is merely *cumulative*, tending to prove in substance the same matters stated by Jones.

We are now convinced that there has been a mistrial of this cause on a most material point affecting the merits; and we therefore feel ourselves constrained to grant a new trial.

We are not prepared to say that the result will be different, but we consider the parties entitled to have an investigation by a second jury where all the evidence bearing on the case can be produced, and proper instruction given by the court thereon. Another circumstance tending to lead us to this result is the mistake committed by Messrs. Weissly and Iba, two of the plaintiff's witnesses, in regard to another note of $1500. That mistake may have had a material influence on the minds of the jurors, as it tended to prove dealings of a confidential character and to a large amount between the defendant's firm and Buckly, whereas the dealings were in reality with Myers and Buckly. The defendant could not anticipate such a mistake on the part of the witnesses, and, therefore, could not be expected to come prepared with the note to meet it. On a second trial each party may be better prepared, and these mistakes avoided.

We forbear to give any opinion as to the weight of evidence in the case, as it might tend to prejudice the rights of one party or the other hereafter. Suffice it to say that we should not have granted a new trial on that point alone, after the facts had been passed on by the jury. The question was for them, and their action would not have been disturbed by the court but for the other reasons given.

A new trial is awarded; the costs to abide the final result of the cause.

*Weidman and Killinger for plaintiff.*

*Ulrich, for defendant.*